Derbigny, J.
delivered the opinion of the court. The appellant resists this claim of the appellees on two grounds. He alleges first, as a general principle, that judicial adjudications do, in some cases, transfer the property even of third persons, and that this is one of the cases to which the rule is applicable. In support of this position, he quoted the authority of Pothier, who in his Traite de la Propriete, n. 76,251,152, asserts that even where the goods of a third person have been advertised for sale, if such a third person does not oppose the sale in due time, the right of property passes to the purchaser.
Without questioning the correctness of Pothier’s assertion, it is obvious that a rule so widely swerving from the principles of natural law, must have been established by positive provision, and cannot extend beyond the country for which *55 it was made. By that provision a delay is fixed within which the third person, whose property is about to be sold, must come forward and oppose the sale. After that delay he forfeits his right, as a punishment for his neglect to obey the laws of his country. The necessity of quieting purchasers of property exposed to sale by order of government, may be pleaded in justification of such a disposition: but, nothing short of some such positive law among us could justify this court in recognizing a sale of this nature as capable of transferring the right of property.—Neither could the sale, in such case, be deemed valid and binding upon the real owner, unless it were shown that the necessary delay was allowed for him to come forward and oppose the sale, and that he neglected to do it. We find recognised, on the contrary, that after the judicial adjudication of property sold, as the property of a defendant, while it belonged to a third person, such a third person may recover his property by suit. Cur. Phil. Remate. Febrero, Juicios, b. 3. sect. 2.
The second ground of defence of the appellant is, that should the present sale be found not to have transferred any right of property to the buyer, yet the appellees ought not to recover, because they are the heirs of a person, *56 among whose estate the property in dispute was sold, and as such bound to make that sale good to the purchaser. He further contends that confusion has taken place here in their persons, as being, at the same time, heirs and creditors of their father.
Without considering whether heirs, as they are obliged to guarantee the deeds of their ancestors, are likewise bound to make good the acts, which are done after their death, by those who dispose of their estates,—nor whether this case, in which the appellees appear, not as creditors of their father, but as owners of certain slaves, who remained in his custody till after his death, can be viewed as a case in which confusion has blended in the same person the characters of debtor and creditor, let us say at once, that there is no evidence that the appellees are or intended to be heirs of Joseph Cresse.
One of them was represented as having done an act of heirship, because she applied to the court of probates for her share of the inheritance of her grandmother, which had been administered by her father till his death. Nothing, in this application gives room even to presume, that she intended to accept the succession of her father. On the contrary, the caution with which she confines herself to the demand of her share *57 of her grandmother's estate, is an evidence of her intention not to meddle with the succession of her father. Both the appellees are then in the same situation : they have done no act of heirship, and are at liberty to accept or to renounce the inheritance of Joseph Cresse.
But, it is said that until they renounce in due form, they are to be considered so far as heirs, as to be deemed inadmissible in any demand incompatible with the character of heirs. It is not easy to conceive why it should be so. The principle is, that “until the acceptance or re- " nunciation, the inheritance is to be consider- “ ed as a fictitious being, representing in every "respect the deceased.” In the meanwhile there is no heir, and we see no reason why the persons, who have a right to refuse to be heirs should be considered as such before they have made known their intention, and should be deprived of the rights which they hold independently of their character of heirs.
It is therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.